UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DONNA L. FRIEDEBERG,

                Plaintiff,

-against-

US SHARE INFO CONSULTANT SERVICE LLC,

                Defendant.

25-CV-3999 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that a German company has created a blood pressure monitor that is used to coerce women into compliance with a sexual plan orchestrated by the Roman Catholic Church. By order dated May 14, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the complaint.[1] On an unspecified date, Plaintiff received a test kit from Anthem Insurance Company for blood and urine samples, which made her suspicious. (ECF 1 at 2.) Plaintiff consulted Dr. Deutsch, a Jewish physician, who diagnosed her with mild kidney problems. Plaintiff sought a second opinion from a Chinese gastroenterologist and internal medicine specialist, who said there was "no evidence whatsoever of any kidney or urinary problems." (*Id.*)

Plaintiff contends that Defendant is a German Company that has created

> [a] Blood Pressure Monitor, Electronic wrist, easy to use device that has built into it a receiver of radio waves so that Roman Catholics Supervised Band townwide, treated by a Roman Catholic psychiatrist can cause a person to see a rapid rise in blood pressure that becomes in the mind of the user critical. The targeted user is a person usually female, who has resisted being forced into prostitution. . . .

> [I]f The death of the user is desired by the officiating Bishops of the R.C. Church or to send a psychiatrist-RC- into the hospital room to tell the user that her high blood pressure is caused wholly Or in part by serious mental illness, suggesting that may be Sexual Seriens repression is involved and that mental hospitalizations will be ordered.

(*Id.* at 1.)

Plaintiff claims that (1) the Vatican uses medical treatment plans as a form of coercion and punishment; (2) all U.S. kidney dialysis is fraudulent medicine benefiting the Roman

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Catholic Church; and (3) Dr. Deutsch is "part of a money-making punishment racket of the Roman Catholic Church." (*Id.* at 3.)

Plaintiff demands a survey of the United States to identify every kidney dialysis operation and seeks an order directing them to close their outpatient treatment units. (*Id.*) She further seeks one million dollars for each kidney dialysis location, criminal prosecution of each unit's expert caregivers, and she demands that Defendant Share Info pay the Chinese government $50 billion dollars for the humiliation suffered by Chinese individuals. (*Id.*)

## DISCUSSION

### A.  Plaintiff's claims

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). A court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff's complaint is premised upon her belief that Defendant has created a blood pressure monitor that is used to coerce women into compliance with a sexual plan orchestrated by the Roman Catholic Church. A "[p]laintiff's beliefs − however strongly [she] may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918,

3

at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for her assertions. *See Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010) (even where necessary evidence is in "exclusive control of the defendant, . . . plaintiff must still set forth the factual basis for that belief").

The Court finds that Plaintiff does not provide any plausible factual support for her claims and that the allegations rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff's conclusory allegations are not plausible and must be dismissed as frivolous.[2]

**B.      Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that she is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

---

[2] *See, e.g., Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where allegations were "irrational and wholly incredible").

**C.      Warning**

Plaintiff has filed numerous cases that have been dismissed *sua sponte*.[3] Plaintiff is warned that if she continues to abuse the privilege of proceeding IFP by filing meritless complaints, the Court may order her to show cause why she should not be barred from proceeding IFP in this Court without prior permission.

## CONCLUSION

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

If Plaintiff continues to abuse the privilege of proceeding IFP, the Court may order her to show cause why she should not be barred from proceeding IFP in this Court without prior permission.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:   June 25, 2025
         New York, New York

                                                      *Louis L. Stanton*
                                                      Louis L. Stanton
                                                      U.S.D.J.

---

[3] *See, e.g., Friedeberg v. Kates*, No. 16-CV-9759 (CM) (S.D.N.Y. Jan. 31, 2017) (dismissing complaint for lack of subject matter jurisdiction); *Friedeberg v. Harvard Univ.*, No. 16-CV-9670 (CM) (S.D.N.Y. Jan. 20, 2017) (dismissing complaint as frivolous and for lack of subject matter jurisdiction); *Friedeberg v. NASDAQ*, No. 16-CV-6172 (JMF) (S.D.N.Y. Dec. 5, 2016) (granting motion to voluntarily dismiss complaint), *appeal dismissed* No. 18-2938 (2d Cir Mar. 22, 2019) (dismissing appeal for lack of jurisdiction).